# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 18-cr-236 (JDB)** |
| v. | : | |
| **FREDDY PATRICE POSSIAN,** | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

Defendant was arrested on July 28, 2018, and a criminal complaint was filed against him charging that he had, among other things, threatened to kill the President of the United States, in violation of 18 U.S.C. § 871, and made a bomb threat, in violation of 18 U.S.C. § 844(e). He made his initial appearance before Judge Deborah A. Robinson on July 30, 2018. At that hearing, the government sought Defendant's temporary detention pending a detention hearing and also asked that the Court order Defendant to undergo an initial mental competency screening. Judge Robinson granted both motions.

On August 3, 2018, a psychologist from the District of Columbia Department of Behavioral Health conducted a preliminary competency screening and concluded that Defendant was not competent to stand trial. She recommended that he be transferred to a federal facility for further evaluation and treatment. Defendant was indicted on August 7, 2018, on the two charges noted above. On August 8, 2018, a detention hearing was held before the undersigned, after which Defendant was ordered detained pending trial. ECF No. 7. The Court also found, based on the preliminary screening, that there was reasonable cause to believe that a full mental competency evaluation of Defendant was warranted. Accordingly, on the government's motion, the Court ordered him remanded to the custody of the Attorney General of the United States for a period not to exceed 30 days for placement in a

suitable facility for a full competency evaluation pursuant to the provisions of 18 U.S.C. §§ 4241, 4247(b) and (c), and Local Criminal Rule 57.17(a)(14). ECF No. 6.

As is disturbingly common in cases in which this Court has ordered a defendant into the custody of the Attorney General for a full competency evaluation, Defendant's transportation to the facility was plagued by delays. He was first designated to a facility—the Federal Medical Center in Devens, Massachusetts—on August 15, 2018. ECF No. 8. However, counsel for the government learned on August 24, 2018, that the facility in Devens did not have bed space available for Defendant and that it had several other competency evaluations scheduled in advance of Defendant's. ECF No. 9. Defendant was thereafter designated to the Metropolitan Correction Center in New York City ("MCC-NY"). *Id.* On September 17, 2018, counsel for the government informed the Court that Defendant had arrived at the Metropolitan Detention Center in Brooklyn, New York—a different facility than MCC-NY—and communicated the government's understanding that the competency examination would be performed there.[1] ECF No. 11. On September 27, 2018, counsel for the government informed the Court that Defendant had arrived at MCC-NY and communicated the government's understanding that the competency evaluation would be performed at that facility. ECF No. 12. On October 15, 2018, the warden of MCC-NY sought, pursuant to 18 U.S.C. § 4247(b), an extension of fifteen days—until October 31, 2018—to complete the evaluation.

The Forensic Report was issued on November 9, 2018. It found that Defendant has some history of mental illness. Forensic Report at 6–9. Specifically, the evaluator noted that Defendant's

---

[1] It appears that this information was mistaken, and that on September 17, 2018, Defendant had been transferred from the Metropolitan Detention Center in Brooklyn, where he had arrived on or about September 11, 2018, to MCC-NY, which is where the competency evaluation was completed. Forensic Report at 9–10. Because of this confusion, some of the orders issued by the Court in this case misidentify the facility at which Defendant was evaluated as the Metropolitan Detention Center in Brooklyn, NY.

psychiatric history showed "paranoia and intermittent brief periods of psychosis," with two "major episodes, one in 2014 and another in 2018," approximately two and one-half months before his arrest in this matter. *Id.* at 8, 11, 16. His prognosis is "limited" in light of "the chronic nature of his difficulties, lack of insight into his mental health problems, and his unwillingness to participate in treatment, including psychotropic interventions." *Id.* at 16. The Forensic Report nevertheless concluded that Defendant is competent to stand trial. *Id.* at 19.

"The standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). At least as of October 2018, while he was at MCC-NY, Defendant understood that he was charged with making threats against the President of the United States. Forensic Report at 16. He further explained that a "threat" was stating that you would cause "bodily harm [to] someone against their will" and realized that the charge was considered a serious one. *Id.* He was aware of the fact that he could plead guilty or not guilty and understood that pleading guilty would obviate the need for a trial, but expressed confidence that he would be found not guilty because the evidence against him was weak or illegally obtained. Forensic Report at 16–17. Defendant understood what it meant to take an oath, what testimony is, the consequences of lying under oath, the importance of evidence in a criminal trial, the role of the judge, and the import of a verdict. *Id.* at 17. He further explained that he would like to represent himself, but was open to taking the advice of counsel "if it's feasible" and that he was not opposed to working with an attorney with whom he feels comfortable. *Id.* The

Forensic Report opined that, although Defendant's current presentation "reflected a somewhat paranoid view of some components of the criminal justice system," he "was able to put aside his opinions and convey accurate definitions of key concepts and participants in the courtroom." *Id.* at 18. Defendant could "comprehend the seriousness of his case and the recommendations of defense counsel," and could communicate with counsel, weigh the merits of various defenses, make decisions regarding numerous constitutional protections, and testify in his own defense. *Id.* Thus, the evaluator concluded that Defendant "has a rational and factual understanding of the proceedings against him and . . . is capable of assisting counsel with his defense." *Id.*

Mr. Possian was returned to the D.C. area in mid-December 2018. A competency hearing as required by 18 U.S.C. §§ 4241(c) and 4247(d) was held on December 21, 2018. At that hearing, the government concurred in the findings and conclusions of the forensic evaluation. Defendant's counsel having conferred with his client regarding the Forensic Report, Defendant similarly did not object to its findings and conclusions. Accordingly, for the reasons stated on the record at the hearing and in this Order, it is hereby

**ORDERED** that upon consideration of the entire record herein, the undersigned finds by a preponderance of the evidence that Defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402.

**SO ORDERED.**

Date: December 21, 2018

                                            G. MICHAEL HARVEY
                                            UNITED STATES MAGISTRATE JUDGE