**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case. No. 18-CR-236 (JDB) |
| ) | |
| **FREDDY POSSIAN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America respectfully submits this memorandum in aid of sentencing.

**I.    BACKGROUND**

Defendant Freddy Possian was charged by indictment on August 7, 2018, with one violation of 18 U.S.C. Section 871(a) (threatening to kill, kidnap, and injure the President of the United States), and one violation of 18 U.S.C. Section 844(e) (threatening and conveying false information concerning use of an explosive).

The charges arose from conduct that occurred on July 28, 2018.   The defendant, a 29-year-old resident of Washington, D.C., placed numerous calls to the 911 dispatcher early that morning. In one of the calls, at around 6:27 a.m., the defendant stated that he was inside the White House and that he was about to shoot the President.   In another 911 call a few minutes later, the defendant stated that he had hijacked a bus on its way to White House and was going to shoot all of its passengers.   In another call the defendant stated that he was driving a bomb to the White House and was going to blow the building up.   In several other calls to the 911 dispatcher, the defendant

1

expressed a suicidal intent by stating that he wanted the police to shoot and kill him. The 911 dispatcher reported the content of the calls to the United States Secret Service, which took defensive measures including closing to the public two pedestrian-only blocks of Pennsylvania Avenue in Washington, D.C., for around 45 minutes.

On August 8, 2018, Magistrate Judge Harvey ordered the defendant detained pending trial. Additionally, Magistrate Judge Harvey ordered that the defendant undergo a mental competency examination in the custody of the Bureau of Prisons, as concerns about the defendant's competency had been raised. On November 9, 2018, the psychologist from the Bureau of Prisons provided the opinion that the defendant was competent to stand trial, though suffered from mental illness. At a competency hearing on December 21, 2018, Magistrate Judge Harvey issued a finding that the defendant was competent to stand trial (Dkt No. 29).

On February 14, 2019, the defendant pleaded guilty to count one of the indictment – threatening to kill, kidnap, and injure the President of the United States, in violation of 18 U.S.C. Section 871(a). Sentencing is currently scheduled for April 5, 2019.

## II. STATUTORY PENALTIES

A violation of 18 U.S.C. Section 871(a) carries a maximum sentence of five years of imprisonment; a fine of $250,000, pursuant to 18 U.S.C. Section 3571(b)(3); a term of supervised release of not more than one year, pursuant to 18 U.S.C. Section 3583(b)(3); mandatory restitution under 18 U.S.C. Section 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## III. SENTENCING GUIDELINES CALCULATION

The parties agreed at the plea hearing that the following Sentencing Guidelines sections

apply.  First, U.S.S.G. Section 2A6.1(a) provides for a base offense level of 12 points.  Second, U.S.S.G. Section 2A6.1(b)(2) provides for two additional points because the defendant made two or more threats to kill the President.  Third, the parties agreed that a 2-level reduction was appropriate, under U.S.S.G. Section 3E1.1, for acceptance of responsibility, totaling 12 points. Fourth, the defendant's Criminal History Category is I.  Accordingly, the parties agreed at the plea hearing that the estimated Sentencing Guidelines range was 10-16 months, in Zone C.  U.S.S.G. Section 5C1.1(d) provides that the minimum term under the guidelines range may be satisfied by a sentence of imprisonment that "includes a term of supervised release with a condition that substitutes community confinement or home detention . . . provided that at least one-half of the minimum term is satisfied by imprisonment."  U.S.S.G. Section 5C1.1(d).

The Probation Office recommends a higher guidelines range, concluding that a six-level increase to the base offense level is warranted under U.S.S.G. Section 3A1.2(b), because the President of the United States is a government officer or employee.  But the Application Notes to U.S.S.G. Section 2A6.1 specify that Section 3A1.2 should be applied "if the defendant is convicted under 18 U.S.C. Section 1521," which was not the case here.  The Application Notes don't similarly specify that Section 3A1.2 applies to convictions for the crime charged here (18 U.S.C. Section 871, which on its face only applies where a government official is the object of the threat).  The plea agreement reached by the parties did not envision applying the six-level increase from Section 3A1.2, and we otherwise defer to the Court.

### IV.   LEGAL PRINCIPLES

In addition to the advisory Guidelines Range, the Court must consider the factors set forth in 18 U.S.C. Section 3553(a), and "impose a sentence sufficient, but not greater than necessary"

3

to comply with four purposes of sentencing. Those purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. Section 3553(a)(2). In addition, the Court must consider the following factors when imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparities among defendants with similar records; and (4) the need to provide restitution to any victims. 18 U.S.C. Section 3553(a)(1-7).

V.     ANALYSIS

Ensuring effective treatment of the defendant's mental health issues should be the paramount concern when imposing sentence in the unique circumstances of this case. Accordingly, the United States respectfully recommends that the Court impose a sentence at the low end of the Guidelines Range, and a one-year term of supervised release. Conditions on his release should include mental health treatment, in a manner that may be continually verified by the Probation Officer and supervised by the Court, among other conditions. Such a sentence would be appropriate for several reasons.

First, it goes without saying that delivering a threat to kill the President of the United States is a very serious violation of our nation's laws, and the recommended sentence will reflect the seriousness of the offense. Second, the defendant was on release pending trial in another criminal case at the time of the offense conduct. We agreed to request the dismissal of D.C. Superior Court

Case Number 2018-DVM-1008 after sentencing. The defendant violated his release conditions in that pending case by committing the criminal conduct here.

Third, however, the defendant has no prior criminal convictions, and he has already served more than eight months in prison pending trial and sentencing. Fourth, the recommended sentence will promote respect for the law, provide a just punishment, and afford adequate deterrence. The recommended sentence is within the advisory Guidelines Range, and that range should be given considerable weight as compliance with sentencing guidelines helps ensure fairness and consistency in sentencing.

Fifth, the record of this case makes clear that the defendant's crime was a consequence of his untreated mental health issues. A requirement that the defendant treat his mental illness is therefore necessary to protect the public and rehabilitate the defendant. Such a requirement will thereby serve core purposes of criminal sentencing. The defendant should be required to participate in regular mental health treatment in a manner that can be verified by the Court; the defendant should agree that the Probation Officer may communicate with the treating physician for the purpose of ensuring the defendant's participation in treatment.

## VI.     CONCLUSION

For these reasons, and any others presented at the sentencing hearing, the United States respectfully suggests that the Court impose sentence as outlined above.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY

By:    /S/
        Michael Friedman
        New York Bar No. 4297461
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-6765

## **CERTIFICATE OF SERVICE**

I hereby certify that the attached document was served on defense counsel via the Court's electronic filing system, on April 1, 2019.

>                        /S/
> Michael J. Friedman